UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AFROMAN MUSIC, BEST COFFEE IN TOWN, PRESCRIPTION SONGS, and M L E MUSIC, <br><br> Plaintiffs, <br><br> -against- <br><br> ZRD, L.L.C. and ALEX ZUPANCIC, <br><br> Defendants. | Civil Action No. 1:23-cv-3570 |

## Complaint

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5. On information and belief, Defendant ZRD, L.L.C. ("ZRD") is a limited liability company organized under the laws of the state of Illinois with offices at 3553 N. Southport Avenue, Chicago, Illinois.

6. At all times hereinafter mentioned, ZRD did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as the Butcher's Tap, located at 3553 N. Southport Avenue, Chicago, Illinois.

7. Musical compositions were and are publicly performed at the Butcher's Tap.

8. On information and belief, defendant Alex Zupancic ("Zupancic" and, together with ZRD, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Zupancic was, and still is, a member, officer, and/or owner of ZRD.

10. At all times hereinafter mentioned, Zupancic was, and still is, responsible for the control, management, operation and/or maintenance of the affairs of ZRD.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Butcher's Tap, including the right and ability to supervise and control the public performance of musical compositions at the Butcher's Tap.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Butcher's Tap.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors,

and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since November 2014, ASCAP representatives have made numerous attempts to contact the Defendants, or Defendants' representatives, agents, or employees, to offer an ASCAP license for the Butcher's Tap. ASCAP has contacted and/or attempted to contact Defendants by phone, by mail, by e-mail, and in person.

16. Defendants have refused all of ASCAP's license offers for the Butcher's Tap.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at the Butcher's Tap constitute infringement of ASCAP's members' copyrights in their musical works. ASCAP's various communications offering to license the Butcher's Tap gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at the Butcher's Tap constitute copyright infringement.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the Butcher's Tap, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical

entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at the Butcher's Tap, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23. The public performances at the Butcher's Tap of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25. The many unauthorized performances at the Butcher's Tap include the performances of the three copyrighted musical compositions upon which this action is based.

26. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

27. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at the Butcher's Tap, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

For such other and further relief as may be just and equitable.

Dated: June 6, 2023

Respectfully submitted,

              By: /s/ Kevin Tottis

                Kevin Tottis (ARDC No. 6193853)
                ktottis@tottislaw.com
                Keith Stolte (ARDC No. 6244848)
                kstolte@tottislaw.com
                TOTTISLAW
                401 N. Michigan Avenue
                Suite 530
                Chicago, IL 60611
                Tel: (312) 527-1400
                Fax: (312) 589-7192

              *Attorneys for Plaintiffs*

## Schedule A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Cause of Action** | **Plaintiff** | **Musical Composition** | **Writers** | **Date of Publication (or registration)** | **Certificate of Registration Number** | **Date of Known Infringement** |
| 1. | AFROMAN MUSIC | CRAZY RAP | Joseph Foreman | September 12, 2000 | PA 1-772-672 | May 4, 2023 |
| 2. | BEST COFEE IN TOWN<br><br>PRESCRIPTION SONGS | LEVITATING | Clarence B. Coffee<br><br>Sarah T. Hudson<br><br>Stephen N. Kozmeniuk<br><br>Dua Lipa | March 27, 2020 | PA 2-297-784 | May 4, 2023 |
| 3. | M L E MUSIC | I'M THE ONLY ONE | Melissa L. Etheridge | September 21, 1993 | PA 670-375 | May 5, 2023 |